UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WARREN JOHNSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 4:22CV273 HEA |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Petitioner's motion filed under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence, in which Petitioner argues that his conviction for robbery under the Hobbs Act, 18 U.S.C. § 1951, could not serve as a predicate "crime of violence" to support his additional conviction under 18 U.S.C. § 924(c). Petitioner, through counsel, filed an Amended Motion on November 15, 2022. The Government concedes the Motion with regard to the attempted Hobbs Act robbery, (Count Two) and opposes the Motion with regard to the completed Hobbs Act robbery.

### Factual Background

The factual background is set forth in the record, the Guilty Plea Agreement, and the United States of America's Response.

**Procedural Background**

The Government filed a complaint against Petitioner on December 1, 2017. Thereafter, a grand jury returned an indictment. P:etitoner filed a waiver of pretrial motions of March 1, 2018. The Court held a waiver hearing on March 8, 2018, and determined the waiver was knowingly and voluntarily made. Petitioner entered into a Guilty Plea Agreement which provided: "[I]n exchange for [his] voluntary plea of guilty to Counts One, Two, Three, Five, Seven, and Eight of the indictment," the Government agreed to "dismiss Counts Four [§ 924(c) brandishing], Six [§ 924(c) brandishing], and Nine [felon-in-possession]." Petitioner also waived: (1) his "right to file pretrial motions, including motions to suppress or exclude evidence,"; (2) his "rights to appeal all sentencing issues other than Criminal History"; and (3) his right "to contest the conviction or sentence in any post-conviction proceeding . . . except for claims of prosecutorial misconduct or ineffective assistance of counsel." Petitioner "acknowledge[d] that this guilty plea [was] made of [his] own free will and that [he] [was], in fact, guilty."

The Court also held a change of plea hearing and found that Petitioner fully understood the Agreement and wished to plead guilty. At that hearing, Petitioner stated, under oath, the following in response to the Court's questioning:

COURT: Having done so, Mr. Johnson, have you had the opportunity to

meet with your lawyer and talk with him about your case?

DEFENDANT: Yes, I have.

COURT: And are you satisfied that you have had sufficient time and opportunity to meet with your lawyer [Attorney Jeffrey Goldfarb] and talk about your case.

DEFENDANT: Yes.

...

COURT: Are you satisfied with all the advice that your attorney has given you?

DEFENDANT: Yes, I am.

...

COURT: Is there anything that you wanted to know regarding your case or that you needed to know regarding your case that still confuses you?

DEFENDANT: No, sir.

...

COURT: Was there anything at all that you wanted your lawyer to do for you in   this case that he has failed to do or refused to do in your behalf?

DEFENDANT: No, sir.

Petitioner also testified under oath that he was "aware of the range of punishment that applies to each charge in the indictment," that he talked to his lawyer about the punishment range, and that he had no questions about the punishment range for any of his charges. He later confirmed that he reviewed the plea agreement in its entirety with counsel and that he remained satisfied that he

3

understood everything in the plea agreement.

> After the Government's presentation of the substance of the guilty plea agreement, Petitioner only asked for clarification regarding a dismissed count:
>
> COURT: And is there anything that [the Government] said just now about the Guilty Plea Agreement or about the recommendation in relation to the Guilty Plea Agreement that surprised you just now in any way?
>
> DEFENDANT: I believe I had a little misunderstanding with regards to one of the dismissed counts, Count Four. That would be a 924(c) when I think that it was corrected to be used as a dangerous weapon.
>
> ...
>
> GOVERNMENT: Judge, pursuant to the plea agreement, we are dismissing Counts Four, Six, and Nine at the time of sentencing, so I believe if his question is in regards [sic] to Count Four, that count is being dismissed.
>
> COURT: Does that answer your question for you, Mr. Johnson?
>
> DEFENDANT Yes, sir, it did.

In his Amended Motion, Petitioner argues that the Supreme Court's recent decision in *United States v. Taylor*, __U.S.__, 142 S.Ct. 2015 (2022) bars his § 924(c) conviction. Petitioner acknowledges that *Taylor* held that an attempted Hobbs Act robbery was not a "crime of violence" under § 924(c) and that Petitioner was convicted of a completed Hobbs Act robbery. But Petitioner argues that the Hobbs Act is an indivisible statute, with the crimes of attempted and completed robbery representing alternative means that cannot be evaluated independently, and as such, the statute as a whole categorically fails to qualify as a

4

"crime of violence."

Second, Petitioner argues that a Hobbs Act completed robbery is not a "crime of violence" under § 924(c) because it can be committed by *de minimis* force against property, which Petitioner argues is insufficient under § 924(c).

Third, Petitioner argues that, even assuming the Hobbs Act is divisible between completed and attempted robberies, a completed Hobbs Act robbery still does not constitute a "crime of violence" under § 924(c) because the statute allows convictions based on threats of injury to intangible property, whereas § 924(c) requires a threat of physical force.

The Government opposes each of Petitioner's arguments.

## Discussion

Pursuant to 28 U.S.C. § 2255, a federal prisoner may seek relief from a sentence imposed against him on the ground that "the sentence was imposed in violation of the Constitution or law of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."

**Whether a Hobbs Act Completed Robbery Qualifies as a "Crime of Violence"**

Section 924(c)(1)(A) mandates a minimum five-year sentence for anyone convicted of "us[ing] or carr[ying] a firearm" "during and in relation to any crime of violence." 18 U.S.C. § 924(c)(1)(A)(i). The statute defines a "crime of violence"

5

in two subparts. The first definition is known as the "elements clause" and is found in § 924(c)(3)(A). *See United States v. Davis*, __ U.S. __, 139 S. Ct. 2319, 2324, (2019). The elements clause covers felonies that "ha[ve] as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). The second definition is known as the "residual clause" and is set forth in § 924(c)(3)(B). The residual clause covers felonies that "by [their] nature, involve[ ] a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3)(B).

*Davis* declared the "residual clause" unconstitutionally vague. 139 S.Ct. at 2336. But *Davis* did not invalidate the elements clause, and "even today the elements clause remains in force." *Taylor*, 142 S. Ct. at 2019. Thus, after *Davis*, a conviction qualifies as a "crime of violence" under § 924(c) only if it satisfies the elements clause.

**Argument Under *Taylor***

*Taylor* held that an attempted Hobbs Act robbery failed to satisfy the elements clause because an "attempt" requires only an intent to unlawfully take or obtain personal property by means of actual or threatened force, and a substantial step toward that end. *Taylor*, 142 S. Ct. at 2020. The Supreme Court reasoned that "an intention is just that, no more" and that a "substantial step" could

6

hypothetically fall short of the elements clause's requirement "that the defendant used, attempted to use, or even threatened to use force against another person or his property." *Id.*

In so holding, the Court explicitly distinguished attempted Hobbs Act robberies from completed Hobbs Act robberies. *See id.* ("Whatever one might say about *completed* Hobbs Act robbery, *attempted* Hobbs Act robbery does not satisfy the elements clause.") (emphasis in original). And the Court explicitly noted that "to win a conviction for a *completed* robbery the government must show that the defendant engaged in the 'unlawful taking or obtaining of personal property from the person ... of another, against his will, by means of actual or threatened force.' " *Id.* (quoting 18 U.S.C. § 1951(b)) (emphasis in original).

For this reason, the Eighth Circuit (in an unpublished opinion) and other circuits have continued to hold, post-*Taylor*, that a completed Hobbs Act robbery is a "crime of violence" under the elements clause. *See United States v. Moore*, No. 22-1899, 2022 WL 4361998, at *1 (8th Cir. Sept. 21, 2022) (per curiam and unpublished) ("Though the Supreme Court recently held that attempted Hobbs Act robbery is not a crime of violence, *United States v. Taylor*, –– U.S. ––, 142 S. Ct. 2015, 2020, 213 L.Ed.2d 349 (2022), the plea agreement established that Moore pleaded guilty to completed Hobbs Act robbery, which is a crime of violence"); *see also United States v. McCoy*, 58 F.4th 72, 74-75 (2d Cir. 2023) (per

7

curiam) ("[W]e see nothing in Taylor's language or reasoning that undermines this Court's settled understanding that completed Hobbs Act robberies are categorically crimes of violence pursuant to section 924(c)(3)(A)."); *United States v. Linehan*, 56 F.4th 693, 700 (9th Cir. 2022) ("[I]t is well established both pre- and post-*Taylor* that completed Hobbs Act robbery is a crime of violence under the elements clause.").

**Divisibility as Between Attempted and Completed Hobbs Act Robberies**

A criminal statute is divisible when it "list[s] elements in the alternative, and thereby define[s] multiple crimes." *Mathis v. United States*, 579 U.S. 500, 505 (2016). A statute that merely lists "alternative means of satisfying one (or more) of its elements" is indivisible. *Id.* at 503. If a statute is "divisible," courts apply a "modified categorical approach," looking to certain permitted sources (such as the indictment or plea agreement) "to determine what crime, with what elements, a defendant was convicted of." *United States v. Kent*, 44 F.4th 773, 775–76 (8th Cir. 2022).

Petitioner invokes this divisibility analysis to argue that the Hobbs Act is indivisible as to attempted and completed robberies, such that *Taylor*'s declaration that attempted Hobbs Act robberies are not crimes of violence applies equally to completed Hobbs Act robberies. But *Taylor* itself disclaimed such an approach by explicitly distinguishing between the elements of a completed Hobbs Act robbery

8

and an attempted one. *See Taylor*, 142 S. Ct. at 2020. For that reason, district courts around the country and one circuit court in an unpublished opinion have held that the Hobbs Act is divisible at least as between attempted and completed robberies. *See, e.g.*, *United States v. Eccleston*, No. 20-2119, 2022 WL 3696664, at *2 (10th Cir. Aug. 26, 2022) (unpublished) (holding that the Hobbs Act is "divisible into three robbery-based offenses: robbery, attempted robbery, and conspiracy to commit robbery" because "these three crimes comprise different elements"); *accord Pratcher v. United States*, No. 1:19-CV-00215-AGF, 2023 WL 2387500, at *1–4 (E.D. Mo. Mar. 7, 2023); *United States v. Legendre*, No. CR 21-51, 2023 WL 2330036, at *3 (E.D. La. Mar. 2, 2023); *Small v. United States*, No. 2:20-CV-449-DAK, 2023 WL 1993874, at *2 (D. Utah Feb. 14, 2023); *United States v. Stevens*, No. 21-CR-107-1, 2023 WL 274121, at *2 n.1 (E.D. Pa. Jan. 18, 2023); *see also Linehan*, 56 F.4th at 700 ("[A]n attempt to commit the offense is distinct from the completed offense."). The Court agrees with the reasoning of these courts and concludes that the Hobbs Act is divisible into attempted and completed robberies. And because Petitioner was convicted of a completed Hobbs Act robbery, *Taylor* does not impact his § 924(c) conviction.

**Remaining Arguments**

Because a completed Hobbs Act robbery constitutes a "crime of violence" under the elements clause of § 924(c), Petitioner's challenges to his conviction

based on *Davis*'s invalidation of the residual clause lack merit. *See Rodriguez v. United States,* 17 F.3d 225, 226 (8th Cir. 1994) ("[C]ounsel's failure to advance a meritless argument cannot constitute ineffective assistance.").

Petitioner's remaining arguments seek to overturn Eighth Circuit precedent holding that a completed Hobbs Act robbery meets the definition of a "crime of violence" under § 924(c)'s elements clause. *See, e.g.*, *Diaz v. United States*, 863 F.3d 781, 783–84 (8th Cir. 2017) ("Like other circuits, we have expressly held that Hobbs Act robbery has 'as an element the use, attempted use, or threatened use of physical force against the person of another,' the operative term in § 924(c)(3)(A)," and that "decision is binding ....") (citation omitted). However, as discussed above, the Eighth Circuit and others have reaffirmed this precedent post-*Taylor*. And this Court is bound by Eighth Circuit precedent. *See, e.g.*, *United States v. Fluckes*, No. 22-1619, 2023 WL 2292270, at *1 (8th Cir. Mar. 1, 2023) (per curiam) ("[O]nly the en banc court (or the Supreme Court of the United States) can overrule binding circuit precedent.") (citing *Mader v. United States*, 654 F.3d 794, 800 (8th Cir. 2011) (en banc)).

## Conclusion

Based upon the foregoing analysis, Petitioner's Motion with regard to the attempted Hobbs Act robbery will be granted and the Motion with regard to the completed Hobbs Act robbery will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Amended Motion filed under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence is **GRANTED IN PART AND DENIED IN PART**.

**IT IS FURTHER ORDERED** that the Judgment entered on February 22, 2021 is **VACATED**.

**IT IS FURTHER ORDERED** that this matter will be set for Resentencing via separate Order.

Dated this 18th day of April, 2023.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE